Filed 2/24/14  P. v. Hubbard CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TANYA MARIE HUBBARD,<br><br>    Defendant and Appellant. | F066249<br><br>(Super. Ct. No. F11904691)<br><br>**O P I N I O N** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Jonathan B. Conklin, Judge.

John J. Hardesty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Cornell, Acting P.J., Detjen, J., and Poochigian, J.

A jury convicted appellant, Tanya Marie Hubbard, of attempted second degree robbery (Pen. Code,[1] §§ 211, 212.5, subd. (c), 664; count 2), second degree burglary (§§ 459, 460, subd. (b); count 3), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 4), receiving a stolen vehicle (§ 496d, subd. (a); count 5), and assault with a deadly weapon (§ 245, subd. (a)(1); count 6). The court imposed a prison term of four years, consisting of two years on count 6 and consecutive eight-month terms on each of counts 2 and 4, and on a conviction in a separate case. The court imposed concurrent terms on counts 3 and 5.

On appeal, appellant contends (1) the evidence was insufficient to support her count 6 aggravated assault conviction, and (2) the eight-month term imposed on count 2 constituted an unauthorized sentence that must be reduced to six months. We reject appellant's first contention, find merit in the second, modify the judgment accordingly, and affirm the judgment as modified.

## FACTS[2]

On August 12, 2011, Natalie Longhat was employed by a grocery store as a "[s]ervice clerk" and was at work when she saw appellant and another woman in the store.[3] Appellant "put something in her bag," and Longhat formed the opinion "she was stealing." Shortly thereafter, appellant's companion left the store while appellant remained, and Longhat approached her co-worker, Kevin Douglass, and told him, "this girl is stealing." At that point, appellant "flew out the door" and Longhat "went out the door after her."

---

[1]    All statutory references are to the Penal Code, unless otherwise indicated.

[2]    Because appellant's challenge to the sufficiency of the evidence relates only to the count 6 offense, we do not attempt to summarize the facts of appellant's other offenses.

[3]    Except as otherwise indicated, our factual summary is taken from Longhat's testimony.

"[R]ight outside the store," Longhat and appellant struggled. Longhat grabbed appellant's bag and "ripped it open," at which point items from the store, including batteries, fell to the ground. Appellant began trying to pick up the batteries and Douglass, who had arrived on the scene, "was trying to take them away from her."

Longhat and Douglass then "followed [appellant] to the vehicle that she was in," at which point Douglass and appellant, who were "[d]irectly behind" the car, "were tugging over the batteries." At some point thereafter, appellant got in the car on the driver's side while Douglass, who was still "[d]irectly behind" the car, was "bent over," picking up batteries that were on the ground. As Douglass was doing this, appellant backed the car toward Douglass. The tires "screech[ed]" and the car was moving "fast." Longhat screamed at Douglass, telling him to "get out of the way" and the car came within two to three feet of Douglass, but did not hit him as he "kind of … stumbled over [the curb]" to avoid being hit. Appellant then drove away and the store manager called the police.

Kevin Douglass testified to the following: After Longhat alerted him that appellant was "shoplifting," he followed appellant, and by the time he was out of the store, Longhat had grabbed the bag appellant was carrying. The bag ripped, and its contents, including some batteries, fell to the ground. Appellant "grabbed the batteries" up off the ground, and Douglass "reached and grabbed the batteries from her hands." A "kind of … tug-a-war thing" ensued. Eventually, "[Douglass] pulled it out of her hands," and appellant "went on to her car" and "got into the driver's side." At that point, appellant started the car and "proceed[ed] to back out." Douglass was "[b]ehind," and "[a] few feet" away from, the car. Moving "as quick as [he] could," Douglass "moved off to the side to get out of the way of the vehicle." Had he not moved, the car would have hit him. When asked how fast the car was going, Douglass responded, "as fast as she can back out." After nearly hitting Douglass, appellant drove away.

3

The elapsed time between when Douglass made contact with appellant outside the store to the time appellant "left the scene" was a "[v]ery short period of time," "[p]robably a minute."

Douglass did not remember if, after he grabbed the batteries from appellant, whether the batteries dropped to the ground or whether he bent down to pick up the batteries.

## DISCUSSION

### *Sufficiency of the Evidence*

As indicated above, appellant contends the evidence was insufficient to establish that she committed assault with a deadly weapon against Kevin Douglass. We disagree.

#### Standard of Review

"In addressing a challenge to the sufficiency of the evidence supporting a conviction, the reviewing court must examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence— evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] The appellate court presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence…. '"If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment."'" (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)

#### The Mental State Required for Assault

In *People v. Williams* (2001) 26 Cal.4th 779 (*Williams*), our Supreme Court held: "[A]ssault does not require a specific intent to cause injury or a subjective awareness of the risk that an injury might occur. Rather, assault only requires an intentional act and *actual knowledge* of those facts sufficient to establish that the act by its nature will

4

probably and directly result in the application of physical force against another." (*Id.* at p. 790, italics added.) "In other words, a defendant guilty of assault *must be aware* of the facts that would lead a reasonable person to realize that a battery would directly, naturally and probably result from his conduct. He may not be convicted based on facts he did not know but should have known." (*Id.* at p. 788, italics added.)

*Contentions and Analysis*

Appellant contends the evidence was insufficient to establish the mental state required for assault, i.e., that she had actual knowledge of the facts that would lead a reasonable person to believe that her conduct—driving the car in reverse—would "probably and directly" (*Williams*, *supra*, 26 Cal.4th at p. 790) result in a battery, i.e., her car striking Douglass. Specifically, she argues that although her conduct might have been "careless," the evidence was insufficient to establish she was aware Douglass was behind the car when she backed it up and nearly hit him. She asserts that "there was no substantial evidence that Douglass was standing up—hence visible—behind the car as it began to reverse," and therefore she "would not have been aware he remained in that location."

Appellant's challenge to the sufficiency of the evidence of the count 6 assault is without merit. The undisputed evidence shows that within the space of approximately one minute, Douglass and appellant struggled outside the store, the altercation moved to a location directly behind the car, appellant got in the car, and, driving "fast," backed it up. From this evidence, the jury reasonably could conclude that it was a matter of seconds from the time she struggled with Douglass behind the car to the time she backed the car up. Moreover, there was no evidence Douglass moved from behind the car before the car began moving in reverse. From this evidence, regardless of whether Douglass was standing upright or bent over, the jury could reasonably conclude that appellant was aware Douglass was still behind the car when appellant put the car in motion. Therefore,

5

there was substantial evidence appellant was aware of a fact—Douglass's presence behind the car—from which a reasonable person could conclude that appellant's act—backing the car at a high rate of speed—would result in the car striking Douglass.

*Sentencing Error*

The court imposed a term of eight months on the count 2 attempted second degree robbery. As the parties agree, this was error.

Section 213, subdivision (a)(2) provides that second degree robbery is punishable by imprisonment in state prison for two, three, or five years. Section 664, subdivision (a) provides that a person convicted of an attempt to commit a crime punishable by imprisonment in state prison shall be punished by imprisonment "for one-half the term of imprisonment prescribed upon a conviction of the offense attempted." Pursuant to section 1170.1, subdivision (a), a "subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed...." Thus, here, where the court imposed a consecutive sentence on appellant's attempted second degree robbery conviction, the correct calculation for the term for that offense is as follows: the three-year midterm reduced by half, to 18 months, pursuant to section 664, and reduced further, pursuant to section 1170.1, subdivision (a), to one-third of 18 months, i.e., six months. We will modify the judgment accordingly.

## DISPOSITION

The judgment is modified to provide that appellant's sentence on her conviction of attempted second degree robbery is six months, not eight months. The trial court is directed to prepare an amended abstract of judgment that reflects this modification and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

6